Meredith D.M. Bateman, OSB #192273
Email: meredith.bateman@klgates.com
K&L Gates LLP
One SW Columbia Street, Suite 1900
Portland, OR 97204
Tel.: (503) 226-5724\Fax: (503) 248-9085

David Neu, admitted *pro hac vice*
Email: david.neu@klgates.com
K&L Gates LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104

Attorneys for Defendants Wyndham
Resort Development Corp. and
Worldmark, The Club NPO

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ARNO CAMPBELL, individually, and LORI CAMPBELL, individually,<br><br>         Plaintiffs<br> v.<br><br>WYNDHAM RESORT DEVELOPMENT CORP.; WORLDMARK, THE CLUB NPO; and JOHN DOES 1-50,<br><br>         Defendants. | Case No. 20-01296-SI<br><br>**DEFENDANTS' MOTION TO DISMISS AND/OR TO COMPEL PLAINTIFFS TO PARTICIPATE IN ARBITRATION**<br><br>**ORAL ARGUMENT REQUESTED** |

PAGE 1 – DEFENDANTS' MOTION TO DISMISS AND/OR
TO COMPEL PLAINTIFFS TO PARTICIPATE IN ARBITRATION

K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97204
TELEPHONE: (503) 228-3200

Pursuant to Local Rule 7-1, counsel for Defendants conferred with Plaintiffs' counsel via email and telephone concerning this Motion and are in ongoing discussions to resolve the dispute.

## I. INTRODUCTION

Wyndham Resort Development Corp. and Worldmark, The Club NPO (collectively, "Wyndham") moves this Court to compel Plaintiffs to arbitrate their claims pursuant to the Retail Installment Contract signed by Plaintiffs. Plaintiffs allege that they "purchased a Wyndham timeshare" based on purported "false representations" made by Wyndham sales agents. Compl. ¶¶ 16–18. As discussed below, Plaintiffs purchased that timeshare via a valid Retail Installment Contract pursuant to which Plaintiffs agreed that "any dispute, claim, suit, demand, or controversy arising out of or relating to this Agreement . . . shall be determined exclusively and finally by individual arbitration[.]"[1]  Accordingly, this Court should find that Plaintiffs are bound to arbitrate their claims and dismiss this action.

## II. STATEMENT OF FACTS

Plaintiffs allege that in April 2019, while on vacation in Seaside, Oregon, a Wyndham sales agent offered Plaintiffs incentives to attend a timeshare sales presentation, and Plaintiffs agreed. Compl. ¶¶20–22. Plaintiffs further allege that during the sales presentation, Wyndham sales agents made purported false representations that induced Plaintiffs to purchase a Wyndham

---

[1] A copy of the Retail Installment Contract is attached to the Declaration of Wyndham's counsel, Meredith Bateman ("Bateman Decl.") as Exhibit A. While Plaintiffs do not specifically identify the Retail Installment Contract in their Complaint, it is incorporated by reference. *See* Compl. ¶ 18 (alleging Plaintiffs "purchased a Wyndham timeshare"); *Id.* ¶ 28 (alleging Plaintiffs "purchased a Wyndham timeshare for a total price of $35,644.60."); *Id.* ¶ 29 (alleging Plaintiffs "went home satisfied with their purchase."); *Id.* ¶ 35 (noting the "documents they had signed" to purchase their timeshare); *Id.* Prayer for Relief A ("Rescind all agreements between Wyndham and the Campbells"). Because the agreement is incorporated by reference into the Complaint, the Court can properly consider the Retail Installment Contract t when deciding this motion. *See, e.g.*, *Deloe v. Dep't Nat'l Bank*, 2018 U.S. Dist. LEXIS 239247, at *2 (D. Or. Mar. 23, 2018) (noting that a "court may consider documents outside the pleadings when ruling on a motion to compel arbitration under the FAA").

PAGE 2 – DEFENDANTS' MOTION TO DISMISS AND/OR TO COMPEL PLAINTIFFS TO PARTICIPATE IN ARBITRATION
307364938 v5

K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97204
TELEPHONE: (503) 228-3200

timeshare for $35,644.60.  *Id.* ¶¶ 24–28.  Plaintiffs allege that after they purchased the timeshare, they "realized they were stuck with an economically worthless timeshare with severely constrained reservation availability."  *Id.* ¶ 34.  Plaintiffs then sued Wyndham asserting claims of fraud, violation of ORS § 94.940 (timeshare regulations), and unfair trade practices in the Circuit Court for Clatsop County.  Wyndham then removed the case to this Court.

Plaintiffs signed a Retail Installment Contract to purchase their timeshare on April 8, 2019.[2]  That Retail Installment Contract provides:

> The parties agree that <u>any dispute, claim, suit, demand, or controversy arising out of or relating to this Agreement (any 'Dispute') shall be determined exclusively and finally by individual arbitration</u>, except as specified below.  'Dispute' <u>includes</u>, without limitation, any claim regarding any breach, termination, enforcement, interpretation, or validity of this Agreement, <u>any claim arising out of or relating to the marketing, purchase, and/or use of [Plaintiffs'] Ownership</u>, [Plaintiffs'] use of [Wyndham's] properties, and/or [Plaintiffs'] participation in any activities/events sponsored, organized, or made available by [Wyndham] or its affiliates.

Bateman Decl., Exhibit A, § H.32(a) (emphasis added).  The Retail Installment Contract further provides that the "arbitration agreement is governed by the Federal Arbitration Act ("FAA") (9 U.S.C. § 1 et seq.).  The arbitration shall be administered by the AAA under its Consumer Arbitration Rules . . . the ('AAA Rules')."  *Id.* § H.32(b).

## III.    ARGUMENT

The FAA provides that written agreements to arbitrate disputes arising out of transactions involving interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  "The text of the FAA 'leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'"  *Campos v. Bluestem Brands, Inc.*, 2015 U.S. Dist. LEXIS 132538, at *3 (D. Or. Sept. 30, 2015) (quoting *Dean Wittern Reynolds, Inc. v. Byrd*, 470

---

[2] Bateman Decl., Exhibit A.

PAGE 3 – DEFENDANTS' MOTION TO DISMISS AND/OR
TO COMPEL PLAINTIFFS TO PARTICIPATE IN ARBITRATION
307364938 v5

K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR  97204
TELEPHONE: (503) 228-3200

U.S. 213, 2188, 105 S. Ct. 1238 (1985)). Accordingly, a court's role is limited to determining (1) whether an arbitration agreement exists between the parties, and if so, (2) whether the scope of that agreement to arbitrate encompasses the claims at issue. *Campos*, 2015 U.S. Dist. LEXIS at *3 (citing *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)).

Regarding the first prong, Wyndham must prove the "'existence of an agreement to arbitrate by a preponderance of the evidence.'" *Deloe v. Dep't Stores Nat'l Bank*, 2018 U.S. Dist. LEXIS 2392457, at *9 (D. Or. Mar. 23, 2018) (quoting *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014)). "In determining whether parties have entered into a binding arbitration agreement, federal courts 'apply ordinary state-law principles that govern the formation of contracts.'" *Id.* (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). Under Oregon law, "'[w]hether a contract existed is a question of law.'" *Campos v. Bluestem Brands, Inc.*, 2016 U.S. Dist. LEXIS 7592, at *21 (D. Or. Jan. 22, 2016) (quoting *Ken Hood Constr. Co. v. Pac. Coast Constr., Inc.*, 201 Ore. App. 568, 577, 120 P.3d 6 (Or. 2005)). Parties create a contract through "a manifestation of mutual asset to the exchange and a consideration. . . . The manifestation of a mutual assent to an exchange ordinarily takes the form of an offer or proposal by one party following by an acceptance by the other party or parties." *Id.* To determine whether a contract existed, courts only look to "the parties' objective manifestation of intent, as evidenced by their communications and acts." *Id.*

Here, an agreement to arbitration exists between the parties. *See* Bateman Decl., Exhibit A. Plaintiffs signed the Retail Installment Contract on April 8, 2019, pursuant to which Plaintiffs agreed to pay Wyndham $35,644.60 in exchange for Plaintiffs' timeshare. *Id.* Indeed, Plaintiffs' claims are solely based on the contract they entered to purchase their timeshare. *See* Compl. ¶ 18 (alleging Plaintiffs "purchased a Wyndham timeshare"); *Id.* ¶ 28 (alleging Plaintiffs "purchased a Wyndham timeshare for a total price of $35,644.60."); *Id.* ¶ 29 (alleging Plaintiffs "went home satisfied with their purchase."); *Id.* ¶ 35 (noting the "documents they had signed" to purchase their timeshare); *Id.* Prayer for Relief A ("Rescind all agreements between Wyndham and the

PAGE 4 – DEFENDANTS' MOTION TO DISMISS AND/OR
TO COMPEL PLAINTIFFS TO PARTICIPATE IN ARBITRATION
307364938 v5

K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97204
TELEPHONE: (503) 228-3200

Campbells"). Accordingly, the parties entered a valid agreement that contains an arbitration provision.

Regarding the second prong, "the scope of an arbitration agreement is governed by federal substantive law." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999). If a contract contains an arbitration clause, there is a presumption that the dispute is arbitrable. *AT&T Techs., Inc. v. Commc'ns Workers of America*, 475 U.S. 643, 650 (1986). Further, "incorporating the AAA rules show unmistakable evidence that parties agreed to arbitrate arbitrability[.]" *Varcak v. Envoy Mortg., Ltd.*, 2019 U.S. Dist. LEXIS 217138, at *16 (D. Or. Nov. 22, 2019). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Campos*, 2015 U.S. Dist. LEXIS at *2–3 (citing *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24–25 (1983)).

Here, Plaintiffs' claims fall squarely within the scope of the arbitration provision. The provision provides that "any dispute, claim, suit, demand or controversy arising out of or relating to this Agreement (any 'Dispute') shall be determined exclusively and finally by individual arbitration[.]" Bateman Decl., Exhibit A, § H.32(a). "Dispute" is defined to include "any claim <u>arising out of or relating to the marketing, purchase</u>, and/or use" of Plaintiffs' timeshare. *Id.* (emphasis added). Plaintiffs allege fraud, a violation of ORS § 94.940 (timeshare regulations), and unfair trade practices resulting from the purported misrepresentations made during the marketing of the timeshare ultimately purchased by Plaintiffs, all of which are covered by the plain language of the arbitration provision.

Moreover, the Parties' arbitration agreement contains an additional agreement to arbitrate the threshold issue of arbitrability by an arbitrator, not the court. In particular, the arbitration agreement provides that it will be administered by the AAA under its Consumer Arbitration Rules. Rule R-14(a) of the AAA's Consumer Arbitration Rules states:
> The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim.

PAGE 5 – DEFENDANTS' MOTION TO DISMISS AND/OR
TO COMPEL PLAINTIFFS TO PARTICIPATE IN ARBITRATION
307364938 v5

K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97204
TELEPHONE: (503) 228-3200

The parties' incorporation of the AAA rules is "unmistakable evidence that [the] parties agreed to arbitrate arbitrability," even if the issue were in doubt, under the FAA any such doubts must be resolved in favor of arbitration.  *Varcak*, 2019 U.S. Dist. LEXIS 217138, at *16; *Campos*, 2015 U.S. Dist. LEXIS, at *2–3.

Because an arbitration agreement encompassing Plaintiffs' claims exists, this Court should either compel Plaintiffs to arbitrate their claims and dismiss this action[3], or simply dismiss this action.

## IV.    CONCLUSION

Wyndham respectfully requests that the Court grant its Motion to Dismiss and/or to Compel Plaintiffs to Participate in Arbitration for the reasons set forth herein.

DATED: August 11, 2020.                        K&L GATES LLP

                                               By: *s/Meredith D.M. Bateman*
                                               Meredith D.M. Bateman, OSB #192273
                                               Email: meredith.bateman@klgates.com
                                               David Neu, admitted *pro hac vice*
                                               Email: david.neu@klgates.com
                                               Attorneys for Defendants Wyndham Resort
                                               Development Corp. and Worldmark, The Club NPO

---

[3] Under section 3 of the FAA, the Court has authority, upon application by one of the parties, to grant a stay pending arbitration, but also may dismiss all claims barred by an arbitration clause. *Sparling v. Hoffman Constr. Co., Inc.,* 864 F.2d 635, 638 (9th Cir. 1988), *cert. denied,* 507 U.S. 911 (1993); *see also Martin Marietta Aluminum, Inc. v. Gen. Elec. Co.,*586 F.2d 143, 147 (9th Cir. 1978) (holding that court has discretion to grant summary judgment when all of plaintiff's claims were barred by arbitration clause). Other courts have chosen to stay a case pending arbitration rather than dismiss it, even when confronted with an arbitration clause that covers all the claims. *See, e.g., Bosinger v. Phillips Plastics Corp.,* 57 F. Supp. 2d 986, 993 n.7 (S.D. Cal. 1999). In this case, there is no reason to stay the claim pending arbitration because all of Plaintiffs' claims are subject to arbitration.  Accordingly, once the claims are resolved in arbitration, nothing will remain for the Court to resolve after arbitration is completed. *See Sparling,* 864 F.2d at 638.

PAGE 6 – DEFENDANTS' MOTION TO DISMISS AND/OR
TO COMPEL PLAINTIFFS TO PARTICIPATE IN ARBITRATION
307364938 v5

K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR  97204
TELEPHONE: (503) 228-3200

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of DEFENDANTS' MOTION TO DISMISS AND/OR TO COMPEL PLAINTIFFS TO PARTICIPATE IN ARBITRATION to be served upon all counsel of record to this matter listed below on this 11th day of August, 2020, via Email and U.S. Mail.

>Conner Spani, OSB #192828
>Granite Spire Law Group, PLLC
>2003 Western Ave., Suite 345
>Seattle, WA 98121
>Tel: (206) 579-8781
>Email: spani_conner@yahoo.com

DATED this 11th day of August, 2020.

>*s/Meredith D.M. Bateman*
>Meredith D.M. Bateman, OSB #192273

PAGE 7 – DEFENDANTS' MOTION TO DISMISS AND/OR TO COMPEL PLAINTIFFS TO PARTICIPATE IN ARBITRATION
307364938 v5

K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR  97204
TELEPHONE: (503) 228-3200